[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE BY THIRD-PARTY DEFENDANTS
The Third-Party Defendants, Ken Nadeau and Norman Nadeau d/b/a Nadeau Brothers ("Nadeau") move to strike both the Fourth Count of Defendant/Third-Party Plaintiff's Complaint which alleges a claim for apportionment pursuant to General Statutes § 52-572h, as well as Request #2 of the prayer for relief requesting an "apportionment of liability and contribution" under § 52-572h. In the underlying action, the Plaintiff Gloria Bugryn brought suit against the Defendant/Third-Party Plaintiff Bristol Centre Mall Limited Partnership ("Bristol") for injuries incurred by reason of a fall on Defendant's parking lot. Although Nadeau's motion was filed with reference to the original Third-Party Complaint dated November 14, 1995, the parties agree that the motion shall also apply to the substantially identical Amended Third-Party Complaint dated February 29, 1996.
Nadeau asserts that as a claim for apportionment under § 52-572h is not one of liability as to the Third-Party Plaintiff but rather toward the underlying Plaintiff, the claim is not within the scope of a third-party action under General Statutes § 52-102a and Practice Book § 117. Instead, Nadeau asserts the proper procedure is a motion to cite in an additional party defendant under General Statutes § 52-102.
The parties acknowledge that rulings in the Superior Court are split on whether the impleader procedure here employed may properly be used to effect apportionment under General Statutes § 52-572h. The issue is resolved for actions filed on or CT Page 2731 after July 1, 1995 by the exclusive procedure set forth in Public Act 95-111. That act is not applicable to this case.
Under the circumstances of this case, the Court adopts the reasoning of those cases permitting the impleader procedure here employed. General Statutes 52-572h abolishes the common law rule of no contribution between joint tortfeasors and provides for allocation of fault and apportionment of damages. Apportionment can only be effected among parties to the action. There are policy reasons for not requiring a plaintiff to bring suit against a party whom it chose not to sue. The procedure employed by Bristol in this case accomplishes the purpose of § 52-572h.
The motion to strike is denied.
DAVID L. FINEBERG JUDGE, SUPERIOR COURT